Mingmar Chhiri SHERPA, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–4419–ag.

United States Court of Appeals, Second Circuit.

April 9, 2007.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, FL, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Mingmar Chhiri Sherpa, a native and citizen of Nepal, seeks review of an August 24, 2006 order of the BIA affirming, without opinion, the April 7, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingmar Chhiri Sherpa,* No. A98 415 304 (B.I.A. Aug. 24, 2006), *aff'g* No. A98 415 304 (Immig. Ct. Hartford Apr. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ found that Sherpa's hearing testimony was inconsistent with the answers he gave at the asylum interview, specifically as to when and how he first became the subject of harassment by the Maoists, and whether he paid the Maoists when they confronted him in October 2001. In addition, the IJ noted that Sherpa was unable to explain why he waited a year and three months after the last threat before leaving Nepal. The discrepancies regarding the manner and timing of the Maoists' extortion demands, and Sherpa's response to those demands, went to the heart of Sherpa's claim of past persecution, and therefore provide sufficient support for the adverse credibility determination. *Id.* at 308; *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

■ Because Sherpa's withholding claim is based on the same set of facts that the IJ found not to be credible, he has failed to establish eligibility for withholding. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, Sherpa has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. Petitioner's request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).